By the Court.
 

 Is the relator entitled to a writ of mandamus to compel the respondent judge to permit the relator and its employees to examine and use the
 
 *163
 
 card index of the court in the course of the relator’s business of examining and insuring titles to real estate?
 

 As defined by the provisions of Section 12283, General Code, “Mandamus is a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins ás a duty resulting from an office, trust, or station.”
 

 Wherein has the respondent failed or refused to perform an act which the law specially enjoins as a duty resulting from his office of judge of the Court of Probate?
 

 The relator is confronted with two difficulties.
 

 In the first place it is, not even contended that the respondent has failed Or refused to maintain the indexes specified by the provisions of Section 10501-16, General Code, or that these indexes are not available to the public including the relator. Furthermore, the uncontradicted evidence is affirmatively to the contrary. Hence, there is nothing to indicate that the respondent has failed or refused to perform an act which the law specially enjoins.
 

 The relator’s second difficulty arises from the fact that the record is devoid of evidence’tending to show that the respondent was guilty of discrimination with respect to the use of the card index. It is conceded that the maintenance of this additional index is not a duty enjoined by law. It is not a substitute for the required statutory indexes, and the respondent is free to discontinue it at any time. But the relator contends that inasmuch as the respondent has seen fit to maintain the additional and unrequired card index, he must make it available for the inspection and use of the relator and its employees. With this view this court finds itself unable to agree. The evidence discloses
 
 *164
 
 that for one day an employee of the relator was permitted to try to operate the card-index system. The result was that that employee was in the way of the respondent’s employees and interfered with the performance of their duties. The respondent then promulgated a rule requiring that this service should he rendered to the public through the court employees. Since that date this has been done without discrimination, and more than half of all the service performed has been for the relator. If, as contended by the relator, the unrequired card index nevertheless has become a public record, the public use thereof is subject to the limitation that it must not endanger the safety of the record, or unreasonably interfere with the discharge of the duties of the officer charged with custody of the same. 35 Ohio Jurisprudence, 45, Section 41. And, conceding the general rule as to the right of an abstracter or insurer of titles to have access to the office of a clerk or register for the purpose of inspecting or copying the public records, the exercise of such right is, nevertheless, subject to any reasonable rule and regulation which the clerk or register may make with respect to the use and occupancy of his office. 35 Ohio Jurisprudence, 95, Section 108; 80 A. L. R., 777. There is nothing in the record to indicate that the respondent’s rule is arbitrary or not reasonably necessary for the efficient conduct of the voluminous business of the court.
 

 Since the evidence discloses no failure or refusal of the respondent to perform an act which the law specially enjoins, the requested writ of mandamus must be denied.
 

 Writ denied.
 

 Weygandt, C. J., Bell, Turner, Matthias and Hart, JJ., concur.-
 

 Zimmerman, J., not participating.